**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0787-24

IN THE MATTERS OF TALAYA
WOODS AND SHAUNA INGRAM,
TRENTON, POLICE DEPARTMENT.

Submitted February 23, 2026 – Decided April 2, 2026

Before Judges Natali, Walcott-Henderson and Bergman.

On appeal from the New Jersey Civil Service Commission, Docket Nos. 2018-3116 and 2018-3226.

George Dougherty Law Office, LLC, attorneys for appellants Talaya Woods and Shauna Ingram (George T. Dougherty, on the briefs).

Simmons Law, LLC, attorneys for respondent City of Trenton (Charles R. G. Simmons and Daniel H. Kline, of counsel and on the brief).

Jennifer Davenport, Acting Attorney General, attorney for respondent New Jersey Civil Service Commission (Zachary L. Aboff, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellants Talaya Woods and Shauna Ingram jointly appeal from final agency decisions of the Civil Service Commission (Commission) upholding the determinations of an Administrative Law Judge (ALJ) that found appellants violated several city and state regulations requiring termination from their employment as dispatchers for the City of Trenton Police Department. We affirm because the Commission's final decision was supported by substantial, credible evidence in the record and was not arbitrary, capricious, or unreasonable.

The following facts are derived from the Office of Administrative Law (OAL) hearings and the supporting record. Appellants were employed as dispatchers for the City of Trenton (City) Police Department assigned to the Communications Division. On February 14, 2011, the Communications Division issued what became known as the Messina Order, which specifically advised all employees in that division that they were not to leave the building for lunch or any other reason that requires them to be away for an extended period of time, emphasizing the critical, continuous nature of emergency operations.

Between July and September 2016, appellants, along with another dispatcher, left their workstations on multiple occasions during their assigned

shifts to engage in extended outdoor walks, sometimes for over an hour. Their conduct came under scrutiny during an Internal Affairs (IA) investigation, which was prompted by a police sergeant's observation of appellants walking outside during work hours. Video surveillance and call log reviews were conducted as part of the investigation. According to the IA investigation findings, these absences resulted in approximately 166 emergency calls going unanswered or being diverted to other municipalities. Appellants were charged with numerous violations of City and State regulations.

After receiving preliminary notices of disciplinary action in September 2016, appellants were immediately suspended. Following subsequent departmental disciplinary hearings in March 2018, Woods was found guilty of violations of N.J.A.C. 4A:2-2.3(a)(1), Incompetency, inefficiency or failure to perform duties; N.J.A.C. 4A:2-2.3(a)(6), Conduct unbecoming of a public employee; N.J.A.C. 4A:2-2.3(a)(7), Neglect of Duty; N.J.A.C. 4A:2-2.3(a)(12), Failure to Supervise; and N.J.A.C. 4A:2-2.3(a)(12), Violating Department Orders. The same day, Ingram was found guilty of violations of N.J.A.C. 4A:2-2.3(a)(12), Other sufficient causes; N.J.A.C. 4A:2-2.3(a)(1), Incompetency, inefficiency or failure to perform duties; N.J.A.C. 4A:2-2.3(a)(6), Conduct unbecoming of a public employee; and N.J.A.C. 4A:2-2.3(a)(7), Neglect of

3

Duty. Both appellants were removed from their employment effective April 10, 2018. They appealed their removals to the Civil Service Commission (CSC), and the matters were transmitted to the OAL and consolidated.

At the OAL hearing, appellants argued the Messina Order had been rescinded in 2015 as a result of a City Labor/Management Committee meeting. They asserted the Police Director's spokesperson, Captain Gonzalez, stated that orders issued by prior directors were inoperative after a new director was assigned, and by longstanding practice, the Messina Order was unenforced and not treated as a disciplinary infraction. Appellants submitted supporting evidence, including their own certifications and certifications of ex-dispatcher Najee Jenkins and union representative Debbie Parks. Jenkins asserted that the Messina Order was not enforced prior to her exiting the Department, while Parks certified the Messina Order was rescinded at the 2015 meeting.

In response to appellants' arguments, the City presented Chief Grace Cruz-Acosta, multiple supervisors, and Sergeant John R. Zappley, Jr.,[1] who all attested the Messina Order had not been rescinded and only appellants had been leaving the building for extended periods during work. The City also provided

---

[1] Sergeant Zappley was promoted to the rank of Captain before his retirement in 2023.

A-0787-24

video evidence and call logs, arguing the conduct was egregious and incompatible with continued service.

Following the hearing, the ALJ affirmed the guilty findings and dismissal of appellants from the Police Department. The ALJ found the testimony of the City's witnesses to be particularly credible, stating:

> The testimony of the [City's] witnesses was especially credible and persuasive. Their testimony was clear and concise. It was obvious that they all had concerns about these incidents and the safety of their fellow police officers, firefighters, EMTs, and the citizens of Trenton. Also, they had concerns about the lack of respect that appellants had for their superiors and the citizens of Trenton. The testimony of Chief Cruz-Acosta was particularly compelling.

Conversely, the ALJ rejected the appellants' evidence, principally finding it lacked credibility.

In line with its credibility finding, the ALJ found by a preponderance of credible evidence that the Messina Order remained in effect at all relevant times appellants were alleged to have left their posts and had not been rescinded, and that appellants had violated clear departmental policies. The ALJ sustained all charges and found, due to the seriousness of the violations and their impact on public safety, removal was warranted even in the absence of prior discipline.

5

Following the ALJ's ruling, appellants filed exceptions. The CSC Commissioner accepted the ALJ's findings of fact and credibility determinations and upheld the removals. The Commissioner emphasized the seriousness of the underlying offense, the absence of mitigating factors and determined that progressive discipline should be bypassed for appellants' egregious violations. Additionally, the Commissioner found no policy ambiguity, no credible evidence that the Messina Order was rescinded, and no valid explanation for the appellants' conduct.

On appeal, to the best we can discern, appellants contend the ALJ's findings, as adopted by the CSC, were arbitrary, capricious, and unreasonable, as they were not based on substantial, credible evidence in the record and "to impose discipline upon appellants under circumstances where the employer's workplace rules and regulations are vague unclear, ambiguous, equivocal or self-contradictory" would be unfair. Based on these contentions, appellants assert a reversal of the Commission's final agency decision is required.

Our scope of review of an administrative agency decision is limited. "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann, 192 N.J. 19, 27-28 (2007).

6

In particular, our appellate courts generally have applied deference when reviewing determinations of the Commission, or of its predecessor agencies that administered the civil service laws. See, e.g., Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562, 578 (1963); see also In re Stallworth, 208 N.J. 182, 194-95 (2011); Falcey v. Civil Serv. Comm'n, 16 N.J. 117, 125 (1954). Furthermore, deference is similarly accorded to the credibility findings of a trier of fact. State v. Locurto, 157 N.J. 463, 471 (1999).

"[A] 'strong presumption of reasonableness attaches to the actions of the administrative agencies.'" In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), aff'd, 135 N.J. 306 (1994)). Moreover, "[a] reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 483 (2007)).

Appellants assert the ALJ and Commissioner erred because they proved the following at the AOL hearing: (1) the Messina Order was rescinded in 2015; (2) it was common and condoned for dispatchers to leave the building on breaks; and (3) they were being singled out and unfairly disciplined in retaliation for prior disputes with management. Specifically, appellants assert that at the

7

hearing Sergeant Zappley and other witnesses misrepresented that the Messina Order remained in effect at the time of their alleged violations and the ALJ erred by determining the order was in effect. Appellants primarily base their arguments on their assertion that Sergeant Zappley participated in a conference where the Messina Order was rescinded in 2015. Additionally, appellants allege that through a series of elaborate lies and schemes, Sergeant Zappley targeted appellants for their violations of the Messina Order. Plaintiff's assert these credibility errors made by the ALJ and adopted by the Commission require reversal. We are unpersuaded.

At the hearing, defendants provided several witnesses who asserted the Messina Order was in effect and enforceable, and that only appellants engaged in leaving the building for extended periods without permission. Additionally, according to the testimony of Chief Cruz-Acosta, there were approximately 166 missed 911 and administrative calls during the shifts when appellants left the building for extended periods.

The ALJ found the defendants' testimony far more credible than the appellants' and rejected the appellants' evidence, stating:

> The testimony of the [defendant's] witnesses was especially credible and persuasive. Their testimony was clear and concise. It was obvious that they all had concerns about these incidents and the safety of their

A-0787-24

fellow police officers, firefighters, EMTs, and the citizens of Trenton. Also, they had concerns about the lack of respect that appellants had for their superiors and the citizens of Trenton. The testimony of Chief Cruz-Acosta was particularly compelling.

Conversely, both [appellants'] testimony was not credible at all and in fact assisted the respondent in proving the facts of the case by a preponderance of the evidence. Though the record is replete with the fact that they should have handled it differently, it is equally devoid of them expressing any remorse for their actions. That allows me to believe that they fail to understand the gravity of their action, or more appropriate, inaction, for not complying with the rules. They further detracted from any degree of credibility when each attempted to deflect blame, which further showed that they failed to grasp the gravity of their actions.

The ALJ accordingly sustained each charge against the appellants, notably finding that the testimony "clearly establishes that [they] failed to follow the Messina Order when taking breaks for meals."

Upon review, the Commissioner found "nothing in the record of the [plaintiff's] exceptions to demonstrate that the ALJ's credibility determinations, or [her] findings and conclusions based on those determinations, were arbitrary, capricious or unreasonable." We see no reason to reject the deference we are to afford to the credibility and factual findings of the administrative courts and the Commission.

A-0787-24

Based on our review of the record, we conclude the ALJ heard extensive testimony from multiple witnesses and rendered detailed credibility findings based on their testimony, which is entitled to our deference. While appellants were able to provide their own statements and certifications at the hearing and presented one witness who attended the 2015 meeting, defendants were able to provide multiple witnesses who testified the Messina Order was still in effect at the time of appellants' alleged violations that supported appellants committed the violations for which they were charged. We concur with the Commission that appellants' evidence failed to show the ALJ's findings or its adoption of those findings were arbitrary or capricious.

To the extent we have not addressed any of appellants' remaining arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0787-24